FLETCHER, Judge.
Fidelity & Casualty Company of New York [Fidelity] appeals from a summary judgment entered in favor of State Farm Fire & Casualty Company [State Farm] in this action for declaratory judgment on the issue of coverage. We reverse.
Fidelity issued an insurance policy to Mark Arnold providing motor vehicle and excess liability coverage for the policy period of September 15, 1999 to September 15, 2000. Arnold subsequently applied to State Farm for motor vehicle and excess liability coverage specifically requesting that the State Farm policy commence *1195 on September 13, 2000. Accordingly, State Farm issued a binder as of that date. Fidelity’s policy provided for coverage to be afforded on a pro-rata basis where other excess policies applied. However, it also contained an automatic termination provision which stated: “If you obtain other insurance, any similar insurance provided by this policy will terminate on the effective date of the other insurance.” Arnold was involved in a serious accident on September 14, 2000 as a result of which he was sued. Without consulting with Fidelity, State Farm settled the action against Arnold for $5,000,000, the full amount of its excess coverage. Fidelity then commenced the instant declaratory judgment action seeking a determination that it owes no coverage for the loss and has no obligation to reimburse State Farm for any part of the settlement. State Farm counterclaimed for equitable subrogation. Upon motions for summary judgment, the trial court determined that Fidelity is liable for a pro rata share of the settlement.
Insurance contracts are interpreted according to the plain language of the policy, and, where a policy provision is clear and unambiguous, it should be enforced according to its terms. Taurus Holdings, Inc. v. United States Fid. & Guar. Co., 913 So.2d 528 (Fla.2005). Here the clear and unambiguous terms of the automatic termination provision in the policy issued by Fidelity apply to preclude coverage. The provision effectively terminated Fidelity’s coverage one day prior to the subject accident.
We, therefore, reverse the judgment entered in favor of State Farm and remand for entry of a final judgment in favor of Fidelity.
Reversed and remanded.